## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RYAN WALZ,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:24-cv-00724-HCN-JCB** |
| **JESSICA OLIVERI; and HALLIDAY WATKINS & MANN, P.C.,** | **District Judge Howard C. Nielson, Jr.** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Plaintiff Ryan Walz's ("Mr. Walz") complaint[2] and "Motion for Stay of Trustee Sale and Request for Temporary Restraining Order" ("Motion").[3] Based upon the analysis set forth below, the court recommends dismissal of this case without prejudice *sua sponte* for lack of subject-matter jurisdiction and, consequently, that the Motion be deemed moot.

### BACKGROUND

Mr. Walz's complaint names as defendants Jessica Oliveri and Halliday Watkins & Mann, P.C. (collectively, "Defendants") and lists a Utah address for each of them.[4] Mr. Walz generally alleges that Defendants assisted in scheduling and advertising an improper trustee sale of certain

---

[1] ECF No. 10.

[2] ECF No. 1.

[3] ECF No. 7.

[4] ECF No. 1 at 1-2.

of his real property in Utah.[5] Mr. Walz does not request any monetary relief. Instead, Mr. Walz seeks a court order requiring Defendants to "cease all actions relating to" his real property and removing "all title documents related to" his real property.[6] Mr. Walz alleges that Defendants have violated the Due Process Clause of the Fifth Amendment and, therefore, asserts federal-question jurisdiction under 28 U.S.C. § 1331.[7] Several days after he filed his complaint, Mr. Walz filed the Motion, in which he requests the issuance of a temporary restraining order halting Defendants' actions related to the trustee sale and his real property.[8]

## ANALYSIS

The court recommends that this case be dismissed without prejudice *sua sponte* for lack of subject-matter jurisdiction and, consequently, that the Motion be deemed moot. First, the court should dismiss this case without prejudice *sua sponte* because subject-matter jurisdiction is lacking. "Insofar as subject[-]matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings . . . ."[9] "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction

---

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.* at 3.

[8] ECF No. 7.

[9] *Tafoya v. U.S. Dep't of Just., L. Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

is lacking."[10] As the plaintiff, Mr. Walz bears the burden of establishing subject-matter jurisdiction.[11]

Mr. Walz asserts federal-question jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." For federal-question jurisdiction to exist, Mr. Walz's complaint must establish "either that federal law creates the cause of action or that [his] right to relief necessarily depends on resolution of a substantial question of federal law."[12] "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."[13] Further, federal-question jurisdiction "exists only where there is a colorable claim arising under federal law."[14] Although "[a] claim can be meritless while still being colorable, . . . a court may dismiss for lack of subject-matter jurisdiction when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."[15]

---

[10] *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quotations and citation omitted) (emphasis in original).

[11] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

[12] *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quotations and citations omitted).

[13] *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

[14] *McKenzie v. U.S. Citizenship & Immigr. Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014) (quotations and citations omitted).

[15] *Id*. at 1156-57 (quotations and citations omitted).

Mr. Walz's complaint fails to establish federal-question jurisdiction. As stated above, the sole basis for Mr. Walz's assertion of federal-question jurisdiction is Defendants' alleged violations of the Due Process Clause of the Fifth Amendment. That basis is wholly insufficient because "[t]he Due Process Clause of the Fifth Amendment applies only to action by the federal government,"[16] and Defendants are a private individual and a private entity. Thus, Mr. Walz cannot state a Fifth Amendment claim here. Therefore, the court lacks subject-matter jurisdiction over this case.[17] Accordingly, the court recommends that this case be dismissed without prejudice *sua sponte*.[18]

Second, given Mr. Walz's failure to establish subject-matter jurisdiction, the court should not reach the merits of the Motion. Instead, the Motion should be deemed moot.[19]

---

[16] *Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013).

[17] Mr. Walz did not assert diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." But even if he had done so, it appears that he would still fail to establish the existence of subject-matter jurisdiction. Indeed, Mr. Walz's complaint provides Utah addresses for himself and both Defendants, and he does not request monetary damages.

[18] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

[19] Given that the Fifth Amendment does not apply to private parties, Mr. Walz's complaint also fails to state claims for relief under Fed. R. Civ. P. 12(b)(6). Therefore, that is an additional reason why this case should be dismissed, and the Motion be deemed moot.

**RECOMMENDATION**

For the reasons stated above, the court HEREBY RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE *sua sponte* and, consequently, that the Motion[20] be deemed MOOT.

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[21] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[22] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of October 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[20] ECF No. 7.

[21] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[22] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).